```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION
```

TAPAN BHARGAVE,

      Plaintiff,

v.                                  Case No: 2:25-cv-00258-JES-KCD

GENESEE REGIONAL BANK, WRM
HOLDINGS IV, LLC, as
assignee of GENESEE
REGIONAL BANK, and FEDERAL
NATIONAL MORTGAGE
ASSOCIATION, as Trustee,

      Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on Tapan Bhargave's (Plaintiff) Motion for Preliminary Injunction and Expedited Hearing (Doc. #2) filed on March 28, 2025. On April 4, 2025, Plaintiff filed a Notice of Filing Proof of Service and Request for Expedited Review. (Doc. #10.) For the reasons set forth below, the request for expedited review is granted[1] and the motion for

---

[1] Plaintiff's "request", embedded in a notice, will be construed as a motion since "[a]ll requests for affirmative relief shall be made by a separate motion." L-3 Commc'ns Corp. v. Sparton Corp., No. 6:13-CV-1481-ORL-TBS, 2014 WL 2003120, at *4 (M.D. Fla. May 15, 2014)(citing citing Fed. R. Civ. P. 7; M.D. Fla. R. 3.01(a), (f)). Further, any motion must include "concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request." M.D. Fla. R. 3.01(a). And "[i]f a party moves for emergency or time-sensitive relief, the title of the motion must include 'emergency' or 'time-sensitive,' and the motion must include an introductory paragraph that explains the nature of the exigency and states the day by

preliminary injunction is denied without prejudice.[2]

## I.

Plaintiff, "proceeding pro se, moves this Court pursuant to Federal Rule of Civil Procedure 65 and 28 U.S.C. § 2283 for a preliminary injunction to enjoin Defendants from pursuing foreclosure proceedings" in state court. (Doc. #2, p. 1.) Plaintiff indicates the Defendants began foreclosure proceedings against him in state court. The state court stayed the proceedings when Plaintiff filed for bankruptcy. But the bankruptcy proceedings have concluded and now Defendants have moved the state court to lift the stay and continue the foreclosure proceedings. A hearing on the motion is currently set for April 7, 2025 before the state court. (Doc. #10.)

Plaintiff has filed a five-count Complaint (Doc. #1) in federal court which alleges claims for violations of the Truth in

---

which a ruling is requested. The unwarranted designation of a motion as an emergency can result in a sanction." M.D. Fla. R. 3.01(e). Given the approaching state court hearing and Plaintiff's urgency for immediate review, the Court will review Plaintiff's motions before receiving a response from Defendants. Even though the Court resolves Plaintiff's motion on the same day it was filed, any future filings must adhere to the local rules.

[2] Whether to hold an evidentiary hearing is left "to the sound discretion of the district court" and required "only 'where facts are bitterly contested and credibility determinations must be made to decide whether injunctive relief should issue.'" Cumulus Media, Inc. v. Clear Channel Commc'ns, Inc., 304 F.3d 1167, 1178 (11th Cir. 2002)(quoting McDonald's Corp. v. Robertson, 147 F.3d 1301, 1312 (11th Cir.1998)). An evidentiary hearing is unnecessary here.

Lending Act (TILA) (Count 1), the Real Estate Settlement Procedures Act (RESPA)(Count 2), as well as state-law fraud (Count 3), and also seeks a declaratory judgment pursuant to federal law (Count 4) and to quiet title under state law (Count 5). (Doc. #1.)

**II.**

Along with the procedural deficiencies discussed below, the request for a preliminary injunction is denied because Plaintiff has not shown a substantive entitlement to such relief. The motion is therefore denied without prejudice.

**A. Procedural Shortcomings**

A number of procedural deficiencies exist in connection with Plaintiff's motion. "In order for a preliminary injunction to issue, the nonmoving party must have notice and an opportunity to present its opposition to the injunction." Four Seasons Hotels And Resorts, B.V. v. Consorcio Barr, S.A., 320 F.3d 1205, 1210 (11th Cir. 2003)(citing Fed. R. Civ. P. 65(a)(1)). Here, Defendants have recently been served, but none have been required to appear yet in the case. Plaintiff's motion fails to comply with several aspects of the Local Rules: it is missing "a precise and verified explanation of the amount and form of the required security," M.D. Fla. R. 6.01(a)(4), and the required proposed order. See M.D. Fla. R. 6.01(a)(6). "Though courts liberally construe *pro se* litigants' filings, *pro se* litigants must still comply with the rules or find themselves in trouble." In re Parrott, 118 F.4th 1357, 1359 (11th

- 3 -

Cir. 2024)(per curiam).

### B. Substantive Concerns

More importantly, substantive issues require Plaintiff's motion to be denied. Though Plaintiff partly bases his motion on 28 U.S.C § 2283, the Anti-Injunction Act, he fails to show how it allows the Court to enjoin the state foreclosure proceedings. The Act reads:

> A court of the United States may not grant an injunction to stay proceedings in a State court except [1] as expressly authorized by Act of Congress, or [2] where necessary in aid of its jurisdiction, or [3] to protect or effectuate its judgments.

28 U.S.C. § 2283. "[T]he Act's core message is one of respect for state courts . . . . [C]ommand[ing] that those tribunals 'shall remain free from interference by federal courts'" unless one of the three narrowly interpreted exceptions is satisfied. Smith v. Bayer Corp., 564 U.S. 299, 306 (2011)(quoting Atlantic Coast Line R. Co. v. Locomotive Engineers, 398 U.S. 281, 282 (1970)). Therefore, "in assessing the propriety of an injunction entered to stop a state court proceeding, the sole relevant inquiry is whether the injunction qualifies for one of th[ree] exceptions to the Anti-Injunction Act." Burr & Forman v. Blair, 470 F.3d 1019, 1028 (11th Cir. 2006). "Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." Atlantic Coast Line, 398 U.S.

at 297.³

Plaintiff's motion never explicitly indicates which exception it relies on and it fails to show any are applicable in this case. The pendency of an action in the state court does not inherently interfere with parallel proceedings in federal court. This Court need not enjoin state court proceedings "in aid of its jurisdiction" or "to protect or effectuate its judgments" if and when one is entered. While Plaintiff asserts that "[e]njoining the state action upholds federal jurisdiction over TILA and RESPA claims," (Doc. #2, p. 2), this is simply not so. For example, neither of the named claims can provide injunctive relief. Christ v. Beneficial Corp., 547 F.3d 1292, 1298 (11th Cir. 2008)("[W]e do not read TILA to confer upon private litigants an implied right to an injunction or other equitable relief such as restitution or disgorgement."); Rodriguez v. Ocwen Fin. Corp., Case No. 17-cv-60574, 2017 WL 3593972, at *7 (S.D. Fla. Aug. 21, 2017)("[F]ederal courts have routinely held that RESPA does not provide for any injunctive relief whatsoever." (collecting cases)).

Additionally, "[f]ederal courts may enjoin state court proceedings based on the 'necessary in aid of its jurisdiction'

---

³ The Anti-Injunction Act applies to injunctions seeking to halt state court proceedings "regardless of whether [sought] against the parties to the state court proceeding or directly against the state court." Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta, 701 F.3d 669, 675 n.4 (11th Cir. 2012)(quoting Burr & Forman, 470 F.3d 1019 at 1028 n.28).

exception in only two situations, where: '(1) the district court has exclusive jurisdiction over the action because it had been removed from state court; or, (2) the state court entertains an *in rem* action involving a res over which the district court has been exercising jurisdiction in an *in rem* action.'" Upper Chattahoochee, 701 F.3d at 676 (quoting In re Bayshore Ford Trucks Sales, Inc., 471 F.3d 1233, 1251 (11th Cir. 2006)). Neither apply in this case. This action was not removed from state court nor has this Court been exercising jurisdiction in an *in rem* action. See Phillips v. Charles Schreiner Bank, 894 F.2d 127, 132 (5th Cir. 1990)(holding "the Anti-Injunction Act, 28 U.S.C. § 2283, precludes any stay of [the pending] state court foreclosure proceedings," partly because actions such as this one are not *in rem* proceedings). The exception "is not, as seems to be asserted here, a mandate to federal courts to hold the line against a possible state invasion of a theoretic concept of federal jurisdiction over a field of law supposedly the exclusive domain of federal courts." T. Smith & Son, Inc. v. Williams, 275 F.2d 397, 407 (5th Cir. 1960).[4]

Finally, a "party seeking an injunction of a state court

---

[4] The Eleventh Circuit "ha[s] adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that date by a Unit B panel of the former Fifth Circuit." In re Forrest, 47 F.4th 1229, 1235 n.3 (11th Cir. 2022)(citing Stein v. Reynolds Sec., Inc., 667 F.2d 33, 34 (11th Cir. 1982)).

proceeding under the 'protect or effectuate' exception 'must make a 'strong and unequivocal showing' of relitigation.'" Burr & Forman, 470 F.3d at 1030 (quoting Delta Air Lines, Inc. v. McCoy Rests., Inc., 708 F.2d 582, 586 (5th Cir. 1983)). Relitigation occurs when there is "state litigation of a claim or issue that previously was presented to and decided by the federal court." SFM Holdings, Ltd. v. Banc of Am. Sec., LLC, 764 F.3d 1327, 1335 (11th Cir. 2014)(quoting Bayer Corp., 564 U.S. at 306)(cleaned up). Here, Plaintiff asserts the foreclosure proceedings were "initiated" in state court (Doc. #2, p. 2) and there has been nothing presented and finally decided by the federal court.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Request for Expedited Review (Doc. #10) is **GRANTED**.

2. Plaintiff's Motion for Preliminary Injunction and Expedited Hearing (Doc. #2) is **DENIED WITHOUT PREJUDICE.**

**DONE and ORDERED** at Fort Myers, Florida, this __4th__ day of April 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record