```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                   FORT MYERS DIVISION
```

TAPAN BHARGAVE,

       Plaintiff,

v.                              Case No: 2:25-cv-00258-JES-KCD

GENESEE REGIONAL BANK, WRM
HOLDINGS IV, LLC, as
assignee of GENESEE
REGIONAL BANK, and FEDERAL
NATIONAL MORTGAGE
ASSOCIATION, as Trustee,

       Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on Genesee Regional Bank (GRB) and WRM Holdings IV, LLC's (WRM) (collectively the Defendants) Rule 12(b)(1) motion to dismiss (Doc. #23)[1] filed on May 20, 2025.[2] Plaintiff Tapan Bhargave (Bhargave or Plaintiff)

---

[1] "A defendant can move to dismiss a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction by either facial or factual attack." Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008)(citing McElmurray v. Consol. Gov't of Augusta-Richmond County, 501 F.3d 1244, 1250 (11th Cir. 2007)). When, as here, the movants do "not present any outside evidence challenging the facts underlying [Plaintiff]'s complaint, the difference is largely academic" and the Court "need not decide" under which to proceed. Efron v. Candelario, 110 F.4th 1229, 1234 n.5 (11th Cir. 2024), cert. denied, 145 S. Ct. 1958, 221 L. Ed. 2d 738 (2025).

[2] Defendants, along with Fannie Mae, also moved to dismiss under Rule 12(b)(6). (See Docs. ##23-24.) Since the Court questions its jurisdiction—its very power to hear the case— for reasons other than stated in the motion, the Rule 12(b)(6) issues are not reached. Jones v. State of Ga., 725 F.2d 622, 623 (11th Cir.

filed a Response in Opposition (Doc. #29) on June 5, 2025. For the reasons stated below, the motion is denied, but the complaint is dismissed without prejudice for lack of subject matter jurisdiction and plaintiff is given leave to file an amended complaint.

I.

Bhargave and Defendants are involved in a foreclosure action in state court. (Doc. #20, ¶ 11.) Bhargave lost and the state court granted foreclosure. (Id. ¶ 12.) The sale is pending. (Id.) Bhargave now sues Defendants in this court, raising claims of fraud (Count I), breach of contract (Count II), and wrongful foreclosure (Count III) because GRB allegedly does not actually own the promissory note at issue in the foreclosure and because GRB allegedly denied Bhargave's request to be given reinstatement amounts after the foreclosure was ordered. (Id. ¶¶ 9, 11.) Defendants move to dismiss under Rule 12(b)(1), arguing the Rooker-Feldman doctrine deprives this Court of subject-matter jurisdiction.

---

1984)(stating that courts should determine their jurisdiction before deciding Rule 12(b)(6) motions); Hitt v. City of Pasadena, 561 F.2d 606, 608 (5th Cir. 1977)(stating that if jurisdictional issues are present, "the court should dismiss only on the jurisdictional ground under Fed. R. Civ. P. 12(b)(1), without reaching the question of failure to state a claim under Fed. R. Civ. P. 12(b)(6).").

## II.

The "Rooker-Feldman [doctrine] raises a question about our subject matter jurisdiction, an issue we are always obliged to examine." Target Media Partners v. Specialty Mktg. Corp., 881 F.3d 1279, 1284 (11th Cir. 2018). A relatively recent Supreme Court decision changed how the Circuit applies the doctrine. Brown v. R.J. Reynolds Tobacco Co., 611 F.3d 1324, 1330 (11th Cir. 2010)(citing Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005)). Exxon Mobil "clarified the scope of the Rooker-Feldman doctrine by returning it to its roots, the facts of the Rooker and Feldman cases." Behr v. Campbell, 8 F.4th 1206, 1210 (11th Cir. 2021)(quoting Nicholson v. Shafe, 558 F.3d 1266, 1274 (11th Cir. 2009)). "In response, we abandoned the four-factor test that had previously guided this Circuit's application of Rooker-Feldman." Id. "We chose instead to 'adhere to the language in Exxon Mobil, delineating the boundaries of the Rooker-Feldman doctrine.'" Id. (quoting Nicholson at 1274).

Courts now "should follow a claim-by-claim approach" asking one question: "[W]hether the [claim] has been 'brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Efron, 110 F.4th at 1235-36 (quoting Target, 881 F.3d at 1285). Taken in parts, the reviewing court first asks whether

"the party against whom the doctrine is invoked" was the losing "party to the underlying state-court proceeding." Lance v. Dennis, 546 U.S. 459, 464 (2006). If so, the reviewing court next asks "whether the substance—if not the form—of a plaintiff's claim requires a district court to 'review' and 'reject' a state court judgment." Efron, 110 F.4th at 1238 (quoting Behr, 8 F.4th at 1211). If "a plaintiff's claim requires a federal district court to review and reject a state court decision," then Rooker-Feldman bars plaintiff's claim, regardless of how he styles it. Id. at 1236 n. 7.

"That, though, is as far as Rooker-Feldman goes." Behr, 8 F.4th at 1210. Because Rooker-Feldman is so "limited" and "narrow", it "will almost never apply." Efron, 110 F.4th at 1235 (quoting Behr, 8 F.4th at 1211-12). "It does not prevent a 'district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court.'" Id. (quoting Nicholson, 558 F.3d at 1274). "Nor does Rooker-Feldman 'block claims that require some reconsideration of a decision of a state court if the plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party.'" Id. (quoting Behr, 8 F.4th at 1212)(citation modified). See also Mignott v. State Bar of Georgia Found., Inc., 146 F.4th 1095, 1098 (11th Cir. 2025).

While Bhargave lost in state court, the Rooker-Feldman doctrine does not apply here because none of his claims require this Court to review and reject that state court's judgments. Count I seeks monetary damages for alleged fraud caused by Defendants upon their false ownership representation of the promissory note and failure to provide reinstatement amounts. (Doc. #20, ¶¶ 14-16.) Count II seeks monetary damages for Defendants' alleged breach of the mortgage agreement by failing to properly endorse or notify Bhargave of any note transfer. (Id. ¶¶ 17-18.) Count III seeks monetary damages for an alleged wrongful foreclosure due to Defendants' lack of ownership of the promissory note and their failure to provide reinstatement amounts. (Id. ¶¶ 19-20.)

Bhargave's claims do not require review and rejection of the state court's foreclosure judgment because they "seek[] damages for some independent source of injury." Efron, 110 F.4th at 1235. All the claims seek monetary damages for injuries caused by independent sources - the promissory note and the request for reinstatement amounts. Thus, the claims fall outside the boundaries of Rooker-Feldman. Id.; Behr, 8 F.4th at 1214 ("[C]laims that seek only damages for . . . violations [by] third parties—not relief from the judgment of the state court—are permitted" by Rooker-Feldman.).

In Behr, a claim was similarly raised that defendants' "use of falsified . . . information as a basis for the [state court] proceedings and decisions" injured the plaintiff. Id., 8 F.4th at 1213. The Eleventh Circuit held that alleged injuries "during the proceedings and whether [a plaintiff] [is] entitled to damages for those [injuries] . . . . [f]alls outside Rooker-Feldman's boundaries." Id. That holding applies here, where Bhargave alleges that he suffered damages because Defendants falsely asserted ownership of the promissory note in the state proceedings.

Even if Bhargave "attempts to litigate in federal court a matter previously litigated in state court" or "denies a legal conclusion that a state court has reached," Rooker-Feldman does not impede such action. Efron, 110 F.4th at 1235. "To be sure, other doctrines of preclusion, abstention, or comity may still bar a plaintiff's claims—but they are separate and distinct from Rooker-Feldman's jurisdictional prohibition on appellate review of state court decisions in federal district courts." Behr, 8 F.4th at 1210 (citing Exxon Mobil, 544 U.S. at 292). Defendants' Rule 12(b)(1) motion is denied.

While Defendants' Rooker-Feldman challenge is denied, the Court will sua sponte dismiss the Complaint for failure to properly allege subject-matter jurisdiction based upon complete diversity of citizenship. DeRoy v. Carnival Corp., 963 F.3d 1302, 1311 (11th Cir. 2020)("Federal courts have an obligation to examine sua sponte

their own jurisdiction over a case, notwithstanding the contentions of the parties." (citing Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999))). The Complaint identifies GRB as a corporation with New York as its principal place of business, but it does not identify where it was incorporated. (Doc. #20, ¶ 5.) This is deficient because, "[f]or diversity purposes, a corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business." MacGinnitie v. Hobbs Grp., LLC, 420 F.3d 1234, 1239 (11th Cir. 2005). The Complaint identifies WRM as a limited liability company but fails to identify any of its members' citizenship. (Doc. #20, ¶ 6.) This is deficient because, "[f]or the purpose of determining diversity jurisdiction, 'a limited liability company is a citizen of any state of which a member of the company is a citizen.'" Flintlock Const. Servs., LLC v. Well-Come Holdings, LLC, 710 F.3d 1221, 1224 (11th Cir. 2013)(quoting Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). Given these defects, the Court cannot determine if diversity jurisdiction is present.

Accordingly, it is hereby

**ORDERED**:

1. Defendants' Rule 12(b)(1) motion in Doc. #23 is **DENIED**.
2. Plaintiff's Complaint (Doc. #20) is **DISMISSED WITHOUT PREJUDICE.** Within **FOURTEEN (14) DAYS** of this Opinion and

   Order, Plaintiff may file an amended complaint.

3. Defendants' Rule 12(b)(6) motion in Doc. #23 is **DENIED AS MOOT**.

4. Fannie Mae's Rule 12(b)(6) motion (Doc. #24) is **DENIED AS MOOT**.

   **DONE and ORDERED** at Fort Myers, Florida, this __14th__ day of October 2025.

                                                          _____
                                                          JOHN E. STEELE
                                                          SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record